BILL LOCKYER Attorney General ANTHONY S. Da VIGO Deputy Attorney General
THE HONORABLE THOMAS J. NUSSBAUM, CHANCELLOR, CALIFORNIA COMMUNITY COLLEGES, has requested an opinion on the following questions:
1. For the purpose of providing part-time employment to students attending a community college, may a state agency enter into an agreement with a state higher education foundation that is not established by the Board of Governors of the California Community Colleges as an auxiliary organization?
2. For the purpose of providing part-time employment to students attending a community college, may a state agency enter into an agreement with a state higher education foundation that is not affiliated with the Board of Governors of the California Community Colleges?
3. For the purpose of providing part-time employment to students attending a community college, does the affiliation agreement between a nonprofit campus foundation and the community college require the approval of the board of trustees of the community college district in which the college is located?
 CONCLUSIONS
1. For the purpose of providing part-time employment to students attending a community college, a state agency may enter into an agreement with a state higher education foundation that is not established by the Board of Governors of the California Community Colleges as an auxiliary organization.
2. For the purpose of providing part-time employment to students attending a community college, a state agency may enter into an agreement with a state higher education foundation that is not affiliated with the Board of Governors of the California Community Colleges.
3. For the purpose of providing part-time employment to students attending a community college, the affiliation agreement between a nonprofit campus foundation and the community college requires the approval of the board of trustees (or the board's designee) of the community college district in which the college is located if the board makes such approval a condition of operating the program.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme, the Walter Stiern Act (Ed. Code, §§ 70900-82548), governing the establishment and operation of community colleges throughout the state. The community college system is under the control of the Board of Governors of the California Community Colleges (Ed. Code, §§70900-70901.5, 71020-71051; "Board of Governors"), whose responsibilities include providing general supervision over community college districts (Ed. Code, § 70901), issuing regulations (Ed. Code, § 70901.5, see Cal. Code Regs., tit. 5, §§ 5:50001-5:59509), and appointing a chief executive officer, the Chancellor of the California Community Colleges, to perform duties as delegated by the Board of Governors (Ed. Code, § 71090).
At the local level, each community college is under the control of a board of trustees of the community college district in which the college is located. (Ed. Code, §§ 70900, 70902, , 72000-72682.) In operating the colleges within its district, the board of trustees is responsible for adopting regulations, employing staff, and delegating various duties to a chief executive officer, other employees, and committees. (Ed. Code, § 70902)
The three questions presented for resolution concern the part-time employment of students attending community colleges. An agency of the state, such as the Department of Financial Institutions or the Department of Corporations, may contract to provide a work-study program for community college students as well as other students attending public and private colleges and universities. Government Code section 19133
provides:
 "(a) Any state agency may enter into an agreement with any public or private institution of higher education in California, nonprofit campus foundation, or state higher education foundation to provide part-time employment to students attending a public or private institution of higher education that contracts with the state agency, or to students attending a public or private institution which is affiliated with a nonprofit campus foundation, or a state higher education foundation, that contracts with a state agency, in work related to the field of study of the student.
 "(b) Notwithstanding any other provision of law to the contrary, no student employed pursuant to this section shall do any of the following:
"(1) Accrue state civil service status.
 "(2) Be employed for more than 194 days in the 365 days following the initial date of employment.
"(3) Cause the displacement of civil service employees.
 "(c) `Displacement,' for the purposes of this section, includes layoffs, demotions, involuntary transfers to a new class, involuntary transfers to a new location requiring a change of residence, and time-based reductions. `Displacement,' for the purposes of this section, shall not include changes in shifts or days off nor shall it include reassignment to other positions within the same class and general location."
1. State Higher Education Foundation as an Auxiliary Organization
The initial inquiry is whether the Board of Governors must establish each "state higher education foundation" as an auxiliary organization before such foundation can contract with a state agency for the part-time employment of community college students. We conclude that a state higher education foundation need not be created by the Board of Governors in order for it to contract with a state agency pursuant to the provisions of Government Code section 19133.
Education Code section 72670.5 authorizes the Board of Governors to establish auxiliary organizations as follows:
 "(a) The Board of Governors of the California Community Colleges may establish auxiliary organizations for the purpose of providing supportive services and specialized programs for the general benefit of the mission of the California Community Colleges.
"(b) As used in this article:
 "(1) `Auxiliary organization' may include, but is not limited to, the following entities:
 "(A) Any entity whose governing instrument provides in substance both of the following:
 "(i) That its purpose is to promote or assist the Board of Governors of the California Community Colleges, or to receive gifts, property, and funds to be used for the benefit of the Board of Governors of the California Community Colleges or any person or organization having an official relationship therewith.
 "(ii) That any of its directors, governors, or trustees are either appointed or nominated by, or subject to, the approval of the Board of Governors of the California Community Colleges or an official of the California Community Colleges, or selected, ex officio, from the membership of the Board of Governors or the administrative staff of the California Community Colleges.
 "(B) Any entity which, exclusive of the foregoing subdivisions of this section, is designated as an auxiliary organization by the Board of Governors of the California Community Colleges.
 "(2) `District governing board' includes the Board of Governors of the California Community Colleges, unless the context requires otherwise.
 "(c) Any agreement between the Board of Governors of the California Community Colleges and an auxiliary organization established pursuant to this section shall provide for full reimbursement from the auxiliary organization to the Board of Governors of the California Community Colleges for any services performed by the employees of the board under the direction of, or on behalf of, the auxiliary organization."
Accordingly, under the terms of Education Code section 72670.5, the Board of Governors may establish an auxiliary organization to perform various functions. Undoubtedly, one of these functions could include contracting with a state agency to provide a work-study program for community college students.
However, returning to the language of Government Code section19133, we find no indication in the statute that a "state higher education foundation" must be an auxiliary organization established by the Board of Governors or any other particular entity. In 82 Ops.Cal.Atty.Gen. 102 (1999), we examined the terms of Government Code section 19133 in light of well-established principles of statutory construction (id. at p. 103), the legislative history of the statute (id. at pp. 103-105), the historical circumstances of the statute's enactment (id. at p. 104), and the purposes of the statute (id. at pp. 104-105). We expressly noted: "When enacting section 19133, the Legislature did not require, for example, a state higher education foundation to be an `auxiliary organization' as defined in Education Code section 72670" (Id. at p. 105.)
Similar to the grant of authority for the Board of Governors contained in Education Code section 72670.5, the board of trustees of a community college district is granted the authority to establish auxiliary organizations under the terms of Education Code section72670:
 "The governing board of a community college district may establish auxiliary organizations for the purpose of providing supportive services and specialized programs for the general benefit of its college or colleges. As used in this article, `auxiliary organization' may include, but is not limited to, the following entities:
 "(a) Any entity in which any official of a community college district participates as a director as part of his or her official position.
 "(b) Any entity formed or operating pursuant to Article 4 (commencing with Section 76060) of Chapter 1 of Part 47.
 "(c) Any entity which operates a commercial service for the benefit of a community college or district on a campus or other property of the district.
 "(d) Any entity whose governing instrument provides in substance both of the following:
 "(1) Its purpose is to promote or assist a community college or district, or to receive gifts, property and funds to be used for the benefit of the community college or district or any person or organization having an official relationship therewith.
 "(2) Any of its directors, governors, or trustees are either appointed or nominated by, or subject to, the approval of the governing board of the district, an official of the district, or selected, ex officio, from the membership of the student body or the faculty or the governing board or the administrative staff of the district.
 "(e) Any entity which is designated as an auxiliary organization by the district governing board."
Auxiliary organizations established by a district's board of trustees may constitute "state higher education foundations," but the latter are not required to be the former. (82 Ops.Cal.Atty.Gen., supra, at p. 105.)[1]
The same is true for auxiliary organizations established by the Board of Governors under the terms of Education Code section 72670.5 As we pointed out in our 1999 opinion, a "state higher education foundation" is a foundation whose goals and purposes support one or more of the state's higher education institutions. (Id. at p. 104.)
Of course, another reason that a state higher education foundation need not be an auxiliary organization created pursuant to the provisions of Education Code section 72670.5 is that Government Code section19133 was enacted in 1989 (Stats. 1989, ch. 168, § 2), while Education Code section 72670.5 was enacted in 1998 (Stats. 1998, ch. 954, § 15). As we indicated in our prior opinion, the historical circumstances surrounding Government Code section 19133's enactment establish that the state higher education foundations which the Legislature had in mind in 1989 were "in existence to support the educational opportunities of students" since at least 1983. (82 Ops.Cal.Atty.Gen., supra, at p. 104.)
In short, a "state higher education foundation" need not be created in any particular manner, such as an auxiliary organization established by the Board of Governors. Rather, what is critical is that the foundation have goals and purposes which support one of the state's institutions of higher education.[2]
We thus conclude in answer to the first question that for the purposes of providing part-time employment to students attending a community college, a state agency may enter into an agreement with a state higher education foundation that is not established by the Board of Governors as an auxiliary organization.
2. State Higher Education Foundation as an Affiliated Entity
The second inquiry is similar to the first: must a state higher education foundation be "affiliated" with the Board of Governors in order to contract for the part-time employment of community college students under the terms of Government Code section 19133? We conclude that an affiliation with the Board of Governors is not necessary.
In 82 Ops.Cal.Atty.Gen. 102, supra, we interpreted Government Code section 19133 as follows:
 "In summary, section 19133 authorizes state agencies to contract with (1) a public institution of higher education regarding the employment of students attending the institution, (2) a private institution of higher education regarding the employment of students attending the institution, (3) a nonprofit campus foundation regarding the employment of students attending a public or private institution affiliated with the foundation, and (4) a state higher education foundation regarding the employment of students attending a public or private institution affiliated with the foundation." (Id. at pp. 105-106.)
As for the term "affiliated" contained in the statute, we stated:
 ". . . We view the word `affiliated' in its ordinary sense as referring to a close relationship, an association, or an organized connection. (See Webster's Third New International Dictionary (1971) p. 35.) Accordingly, we believe that any agreement, contract, or formal working arrangement connecting or associating the Foundation with a college for purposes of the employment program will satisfy the `affiliated' requirement with respect to the students attending such college. What is required is that the agreement establish the college's participation with the Foundation in presenting a coordinated work-study program in each student's field of study." (Id. at p. 105.)
Having the state higher education foundation affiliated with the community college which the students are attending serves the purposes of the statute:
 "Requiring a state higher education foundation to be affiliated with the college or university which the students are attending ensures that the work-study program will be `coordinated,' as it would be if the college or university itself contracted with the state agency. . . .
 "It is apparent from this legislative history that the Legislature intended a `state higher education foundation' to be affiliated with a public or private college or university where the students are attending in order to contract with a state agency under the terms of section 19133." (Id. at pp. 104-105, italics added.)
Hence, the state higher education foundation must be affiliated with the community college where the students are enrolled, not necessarily affiliated with the Board of Governors. The foundation must have an agreement with such college so as to coordinate the work study program for the students.
We conclude in answer to the second question that for the purpose of providing part-time employment to students attending a community college, a state agency may enter into an agreement with a state higher education foundation that is not affiliated with the Board of Governors.
3. Nonprofit Campus Foundation Approval
The final inquiry concerns the affiliation agreement executed under the terms of Government Code section 19133. Does execution of the agreement on behalf of the community college require the approval of the board of trustees of the community college district in which the college is located? We conclude that the board of trustees may require its approval of the agreement as a condition of operating the program.
A board of trustees is charged with operating each community college in the district. "The governing board of each community college district shall establish, maintain, operate, and govern one or more community colleges in accordance with law." (Ed. Code, § 70902, subd. (a).) The Legislature has authorized the trustees to delegate powers "to the district's chief executive officer or any other employee or committee as the governing board [of trustees] may designate." (Ed. Code, §70902, subd. (d).)
When a community college enters into an agreement with a nonprofit campus foundation, the board of trustees operating the community college may act on behalf of the community college or through its designee. The agreement cannot be executed without approval of the trustees or their designee if the board so requires since the trustees are legally responsible for all programs of each community college in their district. (Ed. Code, § 70902)
We conclude in answer to the third question that for the purpose of providing part-time employment to students attending a community college, the affiliation agreement between a nonprofit campus foundation and the community college is subject to the approval of the board of trustees (or its designee) of the community college district in which the college is located if the board makes such approval a condition of operating the program.[3]
[1] We note that certain benefits may arise if a foundation is established as an auxiliary organization. (See, e.g., Pub. Contract Code, § 10340)
[2] We distinguish here between "state" and "public" higher education. (See, e.g., Ed. Code, § 66610) "State" does not refer to a higher education foundation operated by a government entity because such foundations were not in existence when Government Code section 19133
was enacted. The Legislature had in mind the type of state higher education foundations then in existence when it enacted the statute. (82 Ops.Cal.Atty.Gen., supra, p. 104.)
[3] The same analysis and conclusion would apply to an affiliation agreement between a state higher education foundation and a community college.